UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
ANDREW MULLINGS,

                                      Petitioner,

                v.                                  9:07-CV-0723
                                                          (GLS)(DEP)
ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,

                                      Respondent.
_____
APPEARANCES:

ANDREW MULLINGS
Petitioner, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

**I.    Introduction**

      The Clerk has sent to the Court for review a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by *pro se* petitioner Andrew Mullings. Dkt. No. 1. Petitioner is presently confined at Green Haven Correctional Facility, and has not paid the filing fee for this action. Petitioner has filed an *in forma pauperis* application. Dkt. No. 2. Petitioner has also requested a stay of this action pending full exhaustion of his claims. Dkt. No. 3.

**II.    The Petition**

      In his habeas petition, petitioner complains of a judgment of conviction rendered in Albany County Court on November 30, 2001, wherein petitioner was found guilty after a jury trial of attempted murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree. Petitioner states that he was sentenced to a term of twenty-five years imprisonment. Dkt. No. 1 at 1. The Appellate Division, Third Department, affirmed the convictions, and the Court of Appeals denied leave to appeal

on December 29, 2005.  *Id*. at 2.

In support of his request for habeas corpus relief, petitioner asserts that the evidence adduced at trial was legally insufficient to support his conviction of attempted murder, that his right to confront witnesses was violated, and that he received ineffective assistance of trial and appellate counsel.  For a complete statement of petitioner's claims, reference is made to the petition.

### III.   Filing fee and *in forma pauperis* application

Petitioner has not paid the statutory filing fee of $5.00 for this proceeding.  A review of his *in forma pauperis* application reveals that petitioner had sufficient funds in his inmate account when this action was commenced to pay the filing fee.  See Dkt. No. 2.  Therefore, petitioner is directed to submit the full filing fee of **$5.00** in order to proceed with this action.

Petitioner's *in forma pauperis* application is granted.

### IV.   Request for a stay

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] federal habeas petitions challenging a judgment of a state court are subject to a one year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) reads:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application

---

[1]  Pub. L. No. 104-132, 110 Stat. 1214 (1996).

>created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Based upon the information set forth in the petition, petitioner's conviction became "final" for purposes of the AEDPA on March 29, 2006. Accordingly, the one year period for filing a Section 2254 habeas petition expired one year later, on March 29, 2007, except to the extent that it was tolled by properly filed state court proceedings.

Petitioner states that he filed a petition for a writ of error coram nobis in the Appellate Division, Third Department, on March 13, 2007, prior to the expiration of the limitations period. This petition was denied by the Appellate Division on May 8, 2007, and petitioner sought leave to appeal to the New York Court of Appeals. Dkt. No. 1 at 3. As of the date the petition was filed in this action, petitioner's request for leave to appeal was pending.

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 534 U.S. 1015 (2001), the procedural complexities confronting a habeas petitioner proceeding under the AEDPA are considerable. In cases such as this, where the court is presented with a "mixed petition" containing both exhausted and

unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. The Second Circuit ruled in *Zarvela*, that a district court presented with a mixed petition may either dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. If dismissal would "jeopardize the timeliness of a collateral attack," the district court should stay the petition. *Zarvela*, 254 F.3d at 380. The Second Circuit went on to note that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies." *Id*.

In this case, while petitioner's commencement of a state court proceeding tolled the AEDPA's one-year limitations period for seeking federal habeas corpus relief, petitioner would have only a brief time after that action is concluded in which to file a section 2254 petition in this Court. Accordingly, in light of *Zarvela*, and in the interest of preserving the viability of petitioner's claims, dismissal of this action is not appropriate. Rather, further proceedings in this matter are hereby stayed in order that petitioner may promptly pursue his pending state court action and, if necessary, return to this Court after exhaustion is completed.

**V.    State court records**

Petitioner submitted copies of numerous state court records in support of his petition. State court records relevant to the petition are to be provided to the Court by the respondent. *See* Rule 5 of the Rules Governing Section 2254 Cases. Accordingly, the Clerk shall return the submitted state court records to petitioner.

WHEREFORE, it is hereby

ORDERED, that petitioner submit the full filing fee of **$5.00** in order to proceed with this action, and it is further

ORDERED, that petitioner's *in forma pauperis* application (Dkt. No. 2) is granted, and it is further

ORDERED, that further proceedings in this matter are **stayed** on the following terms and conditions: **within thirty (30) days** of the resolution of petitioner's pending state court proceeding, petitioner must so advise the court in writing and request leave to lift the stay.  Petitioner is also directed to provide a copy of the state court decision concerning the disposition of that claim, and it is further

ORDERED, that petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding, and it is further

ORDERED, that if petitioner fails to fully comply with the terms of this Order, the Clerk shall return the file to the Court for further consideration, and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner by regular mail, and return to petitioner the state court records submitted in support of the petition.

IT IS SO ORDERED.

Dated: August 2, 2007

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge