UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ANDREW MULLINGS,                             :
                                             :
                Petitioner,         :    **ANSWER**
                                             :
           -against-                         :    9:07-CV-0723 (GLS)(DEP)
                                             :
ROBERT ERCOLE, Superintendent, Green Haven   :
Correctional Facility,                       :
                                             :
                Respondent.        :
------------------------------------------------------------- x

       Respondent Robert Ercole, by his attorney, Andrew M. Cuomo, Attorney General of the State of New York, Lisa E. Fleischmann, Assistant Attorney General, of counsel, answers the pro se petition for a writ of habeas corpus as follows:

       1.      Admits the allegations contained in paragraphs 1, 3 through 11, 15 and 16 of the petition.

       2.      Denies the allegations contained in paragraph 2 of the petition, and states that petitioner's actual conviction date was May 2, 2002.

       3.      Denies each and every allegation contained in paragraph 12 of the petition.

       4.      Neither admits nor denies the allegations contained in paragraph 13 of the petition, as petitioner has not provided the information sought in paragraph 13.

       5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14 and 17 of the petition.

       6.      Denies any allegation of the petition not specifically responded to above.

## DEFENSES

       7.      The petition fails to state a claim upon which habeas corpus relief can be granted. In his petition, petitioner raises the following claims:

  (A) that the evidence proving his guilt of attempted murder was legally insufficient. As discussed in the attached memorandum of law, the Appellate Division's rejection of the claim was not contrary to, or an unreasonable application of, established Supreme Court law. Accordingly, petitioner is not entitled to habeas relief from this claim;

  (B) that petitioner's confrontation rights were violated by preclusion of a police officer's testimony on a factual point.  As discussed in the attached memorandum of law, the claim is not cognizable on habeas review, and the Appellate Division's rejection of petitioner's claims was not contrary to, or an unreasonable application of, Supreme Court law.  Accordingly, petitioner is not entitled to habeas relief from this claim;

  (C) that petitioner was deprived of the effective assistance of counsel.  As discussed in the attached memorandum of law, this claim is procedurally barred and meritless. Accordingly, petitioner is not entitled to habeas relief from this claim; and

  (D) that petitioner was deprived of the effective assistance of appellate counsel.  As discussed in the attached memorandum of law, the Appellate Division's rejection of petitioner's claim was not contrary to, or an unreasonable application of, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and <u>Jones v. Barnes</u>, 463 U.S. 745 (1983).  Accordingly, petitioner is not entitled to habeas relief from this claim.

  8. Respondent is filing copies of the following documents, to which respondent cites in his memorandum of law, with the Clerk of the Court:

  (a) Petitioner's C.P.L. § 440.10 motion (Exhibit A);

  (b) Decision and Order on the C.P.L. § 440.10 Motion (Exhibit B);

  (c) Petitioner's leave application to the Appellate Division (Exhibit C);

   (d) Petitioner's counsel's Appellate Division brief pursuant to <u>Anders v. California</u>, (Exhibit D);

   (e) Prosecutor's letter in response to the <u>Anders</u> brief (Exhibit E);

   (f) Petitioner's Brief and Appendix to the Appellate Division (Exhibit F);

   (g) Petitioner's pro se supplemental brief (Exhibit G);

   (h) Petitioner's reply brief (Exhibit H);

   (i) Petitioner's pro se supplemental brief on the C.P.L. § 440.10 appeal (Exhibit I);

   (j) Record on Appeal (Exhibit J):

   (k) Petitioner's Appendix II (Exhibit K);

   (l) Record on Appeal (Exhibit L);

   (m) Prosecutor's brief and appendix (Exhibit M);

   (n) Certificate denying leave (Exhibit N);

   (o) Motion for a writ of error coram nobis (Exhibit O);

   (p) Prosecutor's opposition to coram nobis motion (Exhibit P).

   (q) Petitioner's reply to coram nobis motion (Exhibit Q);

   (r) Decision and Order on motion (Exhibit R);

   (s) Petitioner's letter seeking leave to appeal the New York Court of Appeals (Exhibit S); and

   (t) Petitioner's counsel's letter seeking leave to appeal the direct conviction (Exhibit T).

9. A copy of the transcripts of the state court proceedings will be filed with the clerk's office.

**WHEREFORE**, and for the reasons set forth in respondent's memorandum of law in this matter, the petition for a writ of habeas corpus should be denied, and no certificate of appealability should be issued.

Dated: New York, New York
May 12, 2008

   S/ Lisa Fleischmann
Lisa Fleischmann, Bar Roll # 513613
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8802
Lisa.Fleischmann@oag.state.ny.us

To: Clerk of the United States District Court
Northern District of New York
7th Floor, Federal Building
100 S. Clinton Street
Syracuse, New York, 13261-7367

Andrew Mullings, 02-A-2656
Eastern Correctional Facility
P.O. Box 338
Napanoch, New York 12458