UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW MULLINGS,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>WILLIAM BROWN,[1] Superintendent,<br>Easter New York Correctional Facility,<br><br>　　　　　　　Respondent. | No. 9:07-cv-00723-JKS<br><br>ORDER<br>[Re:  Motion at Docket No. 34] |

I.  MOTION PRESENTED

At Docket No. 34 Petitioner Andrew Mullings, a state prisoner proceeding *pro se*, has filed a motion to stay and hold in abeyance these proceedings while he proceeds to exhaust a new claim of ineffective assistance of appellate counsel in the New York state courts by a writ of error *coram nobis*.[2]  Mullings further seeks leave to file an amended petition setting forth the ineffective assistance of appellate counsel claim:  *i.e.*, that appellate counsel failed to raise on appeal the issue that trial counsel was ineffective in not seeking to dismiss the indictment.

II.  APPLICABLE STANDARD

The Federal Rules of Civil Procedure apply in habeas cases "to the extent [the civil rules] are not inconsistent with any statutory provision or [the habeas] rules."[3]  Leave to amend a

---

[1] William Brown, Superintendent, Eastern New York Correctional Facility, is substituted for Robert Ercole, Superintendent, Green Haven Correctional Facility.  Fed. R. Civ. P. 25(d).

[2] Mullings acknowledges in his motion and the documents accompanying the motion indicate that Mullings has fully exhausted his ineffective assistance of appellate counsel claim in the New York state courts.  Consequently, to the extent that Mullings seeks to stay and hold the petition in abeyance this issue is moot and need not be addressed.

[3] Rules—Section 2254 Cases, Rule 11; *see also* 28 U.S.C. § 2242 (petition may be amended or supplemented as provided in the rules governing civil cases).

pleading should be freely given when justice so requires.[4]  Leave to amend a petition may, however, be denied when there is good reason to do so, *e.g.*, futility, bad, faith, or undue delay.[5]

### III.  PROCEDURAL HISTORY/TIMELINESS

After a jury trial, Mullings was convicted in the Albany County Court of one count each of Attempted Murder in the Second Degree (N.Y. Penal Law §§ 110.00/125.25(1)), Assault in the First Degree (N.Y. Penal Law § 120.10 (1)) and Criminal Use of a Firearm in the First Degree (N.Y. Penal Law § 265.09). The trial court sentenced Mullings to a concurrent, determinate prison term of 25 years on each count.  Mullings timely appealed his conviction to the Appellate Division, Third Department, which affirmed his conviction, and the New York Court of Appeals denied leave to appeal on December 29, 2005.[6]  Mullings's conviction became final 90 days later when his time to seek *certiorari* in the Supreme Court expired, March 29, 2006.[7]  Thus, absent tolling, Mullings had until one-year later, March 29, 2007, within which to file his habeas petition in this Court.[8]  Mullings filed a petition for a writ of error *coram nobis* in the Appellate Division on March 13, 2007.[9]  The Appellate Division denied the petition without opinion or citation to authority in an unpublished decision, and the New York Court of Appeals denied leave to appeal on August 22, 2007.[10]

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Knopelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002).

[6] *People v. Mullings*, 803 N.Y.S.2d 784 (N.Y. App. Div. 2005), *lv. denied*, 843 N.E.2d 1164 (N.Y. 2005) (Table).

[7] *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

[8] 28 U.S.C. § 2244(d)(1) 1996.

[9] Based upon the "mailbox" rule and assumes, in the absence of evidence to the contrary, that the documents were deposited with prison authorities in the date that they bear as having been signed.

[10] *People v. Mullings*, 874 N.E.2d 758 (N.Y. 2007) (Table).

## IV.  DISCUSSION

The one-year limitation period is tolled during the time that a properly filed state post-petition proceeding is pending.[11]  Thus, the one-year limitation period was tolled during the period his petition for a writ of error *coram nobis* was pending in the state courts, March 13, 2007, through August 22, 2007.  At the time Mullings filed his petition for a writ of error *coram nobis*, 348 days had elapsed, leaving him 17 days from the date leave to appeal was denied, until August 29, 2007, within which to file his petition for federal habeas relief.  Mullings timely filed his petition for relief in this Court on July 9, 2007.  Mullings filed his petition for a writ of error *coram nobis* in the Appellate Division on February10, 2009, and his motion in this Court on July 31, 2009.[12]  In absence of further tolling, his proposed amendment to the petition is untimely.

Although unartfully articulated in his motion, Mullings appears to raise an equitable tolling argument asserting that his reason for not discovering and raising the issue earlier was his lack of schooling in the law and it was only with the assistance of a "jailhouse lawyer" that he became aware that the performance of both trial and appellate counsel were deficient in failing to adequately address the alleged defects in the indictment.  Mullings has not made a case for equitable tolling.

To warrant equitable tolling, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[13]  Equitable tolling is applied only under rare and exceptional circumstances,[14]

---

[11] 28 U.S.C. § 2244(d)(2) 1996.

[12] In both instances the date is based upon the "mailbox" rule and assumes, in the absence of evidence to the contrary, that the documents were deposited with prison authorities in the date that they bear as having been signed.

[13] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

[14] *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).

and the party seeking equitable tolling must have acted with reasonable diligence throughout the entire period sought to be tolled.[15] The Second Circuit has established only a limited number of circumstances that may merit equitable tolling, *e.g.*, where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary,[16] and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers.[17]

Generally, attorney error is inadequate to create the "extraordinary" circumstances equitable tolling requires.[18] Further, the failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[19] "However, a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."[20] The failure of appellate counsel in this case does not come close to establishing that his performance was so outrageous and incompetent as to rise to the level of "extraordinary" circumstances. Accordingly, Mullings is not entitled to equitable tolling.

Unquestionably, at the time Mullings filed both his petition for error *coram nobis* in the Appellate Division and his subsequent motion to this Court, the time to file a petition for federal habeas relief had long since lapsed. The critical issue presented on the pending motion is whether an amended petition filed nearly two years after the one-year limitation period has lapsed relates back to the original petition. Amendments made after the limitations period has lapsed

---

[15] *Id.*

[16] *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003).

[17] *Valverde v. Stinson*, 224 F.3d 129, 133–34 (2d Cir. 2000).

[18] *See Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) and cases collected therein.

[19] *See Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (holding that it is not ineffective counsel to fail to raise meritless claims)

[20] *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000), quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

relate back to the date of the original pleading if the "amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[21]  In ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests";[22] however, habeas proceedings are more demanding.  A petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."[23]  If it plainly appears on the face of the petition that petitioner is not entitled to relief, a district court must dismiss the petition.[24]  "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."[25]

In his petition Mullings raises two ineffective assistance of counsel claims, his third and fourth grounds.  The third ground is directed at alleged inadequacies of his defense by trial counsel. The fourth ground is directed against appellate counsel and alleges that counsel failed to raise three issues on direct appeal:  (1) error by the trial court in denying admission of a report by a police officer; (2) trial counsel was ineffective for failing to utilize the police officer's report; and (3) trial counsel was ineffective for not requesting a missing witness instruction because the police officer was absent from the trial.   No factual allegation is made that appellate counsel was ineffective in failing to raise on direct appeal the failure of trial counsel to followup on the motion to dismiss the indictment.  The proposed amendment to the petition does not relate back to the original petition and is, therefore, untimely.

---

[21] Fed. R. Civ. P. 15(c)(1).

[22] Fed. R. Civ. P. 8(a).

[23] Rules—Section 2254 Cases, Rule 2(c);.

[24] Rules—Section 2254 Cases, Rule 4.

[25] *Mayle v. Felix*, 545 U.S. 644, 655–65 (2005) quoting Advisory Committee's Note on Rules—Section 2254 Cases, Rule 4.

In any event, Mullings was tried and convicted by a jury. A trial jury verdict ordinarily cures all but structural errors in proceedings before a grand jury generally precluding post verdict dismissals of indictment.[26] Therefore, Mullings's claim fails as a matter of law.

## V.  ORDER

**IT IS THEREFORE ORDERED THAT** the motion filed at Docket No. 34 is **DENIED**.

Dated: October 2, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[26] See *United States v. Lombardozzi*, 491 F.3d 61, 79–80 (2d Cir. 2007); *United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir. 1996) (jury verdict at trial "remedies any possible defects in the grand jury indictment"), *citing United States v. Mechanik*, 475 U.S.66, 72– 73 (1986)); *but see Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988) (suggesting that harmless error test to be applied to motions to dismiss indictments before jury trial looks to impact of alleged error on grand jury decision making process).